IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALAN CHRISTOPHER LITTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV727 |
| v. | ) | 1:06CR22-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Alan Christopher Little, a former federal prisoner, brings a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:06CR22-1, Doc. #92]. On April 6, 2006, Petitioner was convicted of one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He received a sentence of 370 months of imprisonment to be followed by ten years of supervised release. Petitioner's Motion argues that, in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), a statutory enhancement of his sentence is invalid because the conviction listed in an Information of Prior Conviction as supporting that enhancement under 21 U.S.C. § 851 was not punishable by more than one year of imprisonment. He also claims that, under Simmons and United States v. Davis, 720 F.3d 215 (4th Cir. 2013), a career offender sentencing enhancement applied under USSG § 4B1.1 is no longer valid.

With respect to Petitioner's career offender claim, that claim is meritless. Petitioner's advisory sentencing level under the United States Sentencing Guidelines was based not on

his status as a career offender, but on the amount of drugs involved in the offense. Together with the amount of drugs, plus applicable enhancements for firearm possession and leadership in a criminal activity involving five or more participants, Petitioner's adjusted offense level was 41 when reduced for acceptance of responsibility. (PSR, ¶¶ 45, 46, 48, 50, 52, 53.) Application of the career offender enhancement did not change this level, but did increase Petitioner's criminal history category from V to VI. (Id., ¶¶ 51, 78.) The increase in the criminal history level did not prejudice Petitioner because the advisory sentencing ranges for level 41, with criminal histories of both V and VI are 360 months to life imprisonment. Therefore, the application of the career offender enhancement did not affect his sentence.[1] Petitioner's claim challenging his career offender status should be denied.

Petitioner's Simmons claim is a different matter. In its Response [Doc. #100], the Government concedes that the Information is no longer valid in light of Simmons and that Petitioner was sentenced to a ten-year statutory mandatory minimum supervised release term that was in excess of the otherwise applicable maximum term of five years. The Government affirmatively waives any statute of limitations defense that might otherwise apply to Petitioner's challenge to his term of supervised release.[2] The Government then

---

[1] Because there was no effect on Petitioner's sentence, the Court need not consider whether or not Simmons and Davis apply retroactively to Petitioner's case to invalidate his career offender status. Further, the Court notes that Petitioner argues at times that his sentencing range would be changed under the Fair Sentencing Act of 2010 if that law were applied to his case. Because Petitioner was sentenced on September 11, 2006, well before the law's effective date of August 3, 2010, it does not apply retroactively to Petitioner's case. United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011). Further, the Presentence Report held Petitioner responsible for 130 kilograms of a combination of cocaine hydrochloride and cocaine base, about half of which was cocaine base. (PSR,¶ 31, 42.) Even under current law, Petitioner's sentencing range would not change due to this extremely large amount of cocaine base. See USSG § 2D1.1(c)(1).

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply to that claim, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations

agrees that the Court should enter a corrected judgment reducing Petitioner's term of supervised release to five years, which is the minimum term he could have received absent the now invalid Information.[3]

The Court has reviewed Petitioner's prior conviction for sale and delivery of cocaine that was set out in the Information, and the Court notes that the conviction is a Class H felony for which Petitioner received a sentence of 6 to 8 months imprisonment (PSR, ¶¶ 58, 62), indicating that his prior record level was necessarily III or less and that the maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed after Dec. 1, 1994). Therefore, having reached this conclusion this Court will recommend that Petitioner's Motion be granted to the extent that it challenges his term of supervised

---

defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that Simmons applies on collateral review with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The United States Court of Appeals for the Fourth Circuit has held that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). The Government's position in the present case would also include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence of supervised release under 21 U.S.C. § 841(b)(1)(A), based on an increased mandatory minimum of ten years of supervised release, rather than the otherwise-applicable mandatory minimum of five years, and if the enhanced mandatory sentence was the basis for the sentence imposed. The Court will proceed on the basis of this concession.

release under Simmons, that it be denied otherwise, and that a corrected judgment be entered reducing Petitioner's term of supervised release to five years.[4]

Also pending before the Court is a Motion to Withdraw [Doc. #110] filed by Petitioner's attorney, who the Court appointed to represent him regarding his Simmons claim. Petitioner's attorney also reports that he seeks an appointment of new counsel. The Motion to Withdraw will be granted to the extent that Petitioner's attorney seeks to withdraw from the case. However, given that Petitioner is already prevailing on his Simmons claim, there is no need for further representation regarding that claim.

IT IS THEREFORE ORDERED that the Motion to Withdraw [Doc. #110] is GRANTED to the extent that Petitioner's attorney seeks to withdraw, but DENIED to the extent that Petitioner seeks another appointment of counsel.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #92] be GRANTED to the extent that it challenges his term of supervised release, that it be DENIED otherwise, and that a corrected judgment be entered reducing Petitioner's term of supervised release to five years.

This, 13th day of November, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[4] Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Here, no counts are being vacated, but it is clear that Petitioner's supervised release term is no longer valid and that Petitioner is not entitled to any other form of relief.